BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. CURRENCY IN THE APPROXIMATE SUM OF $26,000.00,<br><br>Defendant. | Case No. CV-<br><br>**VERIFIED COMPLAINT *IN REM*** |

Plaintiff, United States of America, by and through Bart M. Davis, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, Kevin T. Maloney, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

VERIFIED COMPLAINT *IN REM*- 1

## NATURE OF THE ACTION

1. This is an action *in rem* to forfeit and condemn to the use and benefit of the United States of America the property described below in connection with violations of 18 U.S.C. § 1956 and 21 U.S.C. § 841, et seq. This property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A) and (C).

## THE DEFENDANT *IN REM*

2. The following property is subject to forfeiture in this civil action (hereinafter "Defendant Property"): United States Currency in the approximate sum of $26,000.00.

3. The Defendant Property was seized on or about October 23, 2017, by Idaho State Police in Pocatello, Idaho. The Drug Enforcement Administration (DEA) commenced an administrative forfeiture proceeding and served notice on Kyle Wayne Victor Hanson. Mr. Hanson, by and through his attorney, Kent Marshall, filed a claim in the administrative proceeding to the Defendant Property. The Defendant Property was converted to a cashier's check and is currently in the custody of the United States Marshals Service. The Defendant Property is currently held in the Seized Asset Fund, pending disposition of this civil proceeding. The Defendant Property is subject to arrest pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This court also has jurisdiction over this action under 21 U.S.C. § 881(a) and 18 U.S.C. § 981(a).

5. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C.

§ 1355(b)(1)(A) and (B), because acts or omissions giving rise to the forfeiture occurred, and the property is found, in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District and the Defendant Property is situated in this District; and pursuant to 28 U.S.C. § 1395(a) and (b) because the Defendant Property is found in this District. *See also* 28 U.S.C. § 1355(b).

## BASES FOR FORFEITURE

7.     The Defendant Property is subject to forfeiture pursuant to:

   a)   21 U.S.C. § 881(a)(6) as moneys used or intended to be used to facilitate violations of the Controlled Substances Act, including the manufacture and distribution of Schedule I marijuana in violation of 21 U.S.C. § 841(a);

   b)   18 U.S.C. § 981(a)(1)(A) as property involved in, or traceable to, a money laundering transaction in violation of 18 U.S.C. § 1956(a)(1)(A), including a transaction with the proceeds of a specified unlawful activity (manufacture and distribution of controlled substance) made with the intent to promote that activity;

   c)   18 U.S.C. § 981(a)(1)(C) as property constituting, or derived from, proceeds traceable to a violation of an offense constituting a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7); and

   d)   federal conspiracy law related to sections (a) – (c) above. *See* 18 U.S.C. §§ 371 and 1956(h); 21 U.S.C. § 846.

## FACTS

8.     The facts supporting this forfeiture action are set out in the Affidavit of DEA Special Agent Daniel L. Riley, attached hereto as Exhibit "A" and incorporated herein by

VERIFIED COMPLAINT *IN REM* - 3

reference. In summary, the Defendant Property constitutes proceeds and wages subject to forfeiture as proceeds, facilitating property, and property involved in manufacture of and possession with intent to distribute, Schedule I marijuana.

## CLAIM FOR RELIEF

9. WHEREFORE, the United States of America prays that the Court order the Defendant Property forfeited to the United States, that the Court award the United States' costs and disbursements in this action, and that the Court award such other and further relief as this Court deems proper and just.

Respectfully submitted this 5th day of April, 2018.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
KEVIN T. MALONEY
Assistant United States Attorney

VERIFIED COMPLAINT *IN REM*- 4

## VERIFICATION

I, Daniel L. Riley, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the complaint are true to the best of my knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my involvement in the investigation of this case, together with other officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 5th day of April, 2018.

 

                                                  DANIEL L. RILEY
                                                  DEA Special Agent